IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA M. DESIMONE,<br>214 Cornwallis Avenue<br>Locust Grove, VA 22508<br><br>*Plaintiff*,<br><br>v.<br><br>OFFICE OF THE INSPECTOR GENERAL,<br>DEPARTMENT OF DEFENSE<br>4800 Mark Center Drive<br>Alexandria, VA 22350-1500<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 1:24-cv-00221.<br>)<br>)<br>)<br>)<br>)<br>) |

*Jurisdiction*

1.  The Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552a(g)(1), which provides for redress in the district courts based upon violations of 5 U.S.C. § 552a (also known as the "Privacy Act"), as well as 5 U.S.C. § 706(2)(A).

*Venue*

2.  Venue is proper under 5 U.S.C. § 552a(g)(5) and 28 U.S.C. §1391.

*Parties*

3.  Plaintiff, Laura M. DeSimone, is a citizen of the United States. At all relevant times during the conduct that gave rise to this action, Ms. DeSimone was residing in the United States.

4.  Defendant, the Office of the Inspector General, Department of Defense ("DoDIG"), is an agency of the United States whose principal address is listed in the caption. *See* 5 U.S.C. § 706 (2)(A); *see generally* 5 U.S.C. § 552a. At all times relevant to this action, the DoDIG maintained records regarding Ms. DeSimone as defined and covered by 5 U.S.C. § 552a.

1

*Timeliness*

5. A complaint under the Privacy Act must be brought "within two years from the date on which the cause of action arises". 5 U.S.C. § 552a(g)(5).

6. Additionally, a complaint alleging agency action which is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the Administrative Procedure Act ("APA") must be brought within six years that a cause of action accrues. 5 U.S.C. § 706 (2)(A); *see* 28 U.S.C. § 2401(a); *see e.g.* Rempfer v. U.S. Dept. of Air Force Bd. for Correction of Military Records, 538 F.Supp.2d 200, 206 (D.D.C. 2008).

7. Ms. DeSimone's cause of action arose on January 23, 2024, when, as will be detailed *infra,* the DoDIG finalized their Report of Investigation detailing Ms. DeSimone's alleged workplace misconduct.

8. Therefore, Ms. DeSimone's complaint is timely filed under 5 U.S.C. § 552a(g)(5).

9. Moreover, Ms. DeSimone's complaint is also timely filed under 5 U.S.C. § 706 (2)(A).

*Statement of the Facts*

10. On August 7, 2023, Ms. DeSimone received a copy of an Administrative Inquiry and Preliminary Report compiled by the DoDIG regarding the allegations of misconduct by Ms. DeSimone at her workplace, the Missile Defense Agency ("MDA").

11. The Administrative Inquiry and Preliminary Report alleged that Ms. DeSimone engaged in an inappropriate relationship with a subordinate, and separately alleged that Ms. DeSimone sexually harassed a different subordinate.

12. Through counsel, Ms. DeSimone denied the allegations contained in the Administrative Inquiry and Preliminary Report, and submitted a rebuttal on September 21, 2023. *See* Exhibit 1.

13. Ms. DeSimone identified numerous irregularities, inaccuracies, and violations of regulation in the Administrative Inquiry and Preliminary Report. *See* Exhibit 1.

14. Ms. DeSimone identified evidence which corroborated her account of events, including primary witness testimony and documentation.

15. These witnesses included Vice Admiral Jon Hill, United States Navy, Retired (Director, Missile Defense Agency, June 2019 to July 2023, and Ms. DeSimone's supervisor from June 2019 to July 2023); Ms. Michelle Atkinson, SES (Director of Operations, MDA, May 2018 to present; Senior Management Official over MDA Human Resources Directorate); Ms. Sandy Rawdon, (Deputy, Human Resources, MDA, 2018-May 2021, and the HR lead for actions under review by this investigation), Mr. Mark Wright (Acting Deputy Director, Public Affairs ("PA"), MDA, December 2017 to January 2019, and PA Director, MDA, January 2019 to the present, as well as the Hiring Official and Selection Official for actions under review by this investigation).

16. However, this evidence was intentionally left out of the Report of Investigation.

17. Ms. DeSimone also identified unprofessional behavior by investigators during DoDIG interviews, including the extensive use of hypothetical questions, speculation requests, question bias, hostile witness treatment, and pre-drawn conclusions.

18. Finally, Ms. DeSimone also identified the presentation of conclusions about her alleged misconduct unsupported by a preponderance of the evidence.

19. All these actions violated the prescribed guidance, procedures, and standards of the DoDIG Administrative Investigations Manual, September 23, 2022, and the Quality Standards for Investigations, Council of the Inspectors General on Integrity and Efficiency, November 15, 2011.

20. On January 23, 2024, the DoDIG presented Ms. DeSimone with a copy of the final Report of Investigation.

21. The Report of Investigation also alleged that Ms. DeSimone engaged in an inappropriate relationship with a subordinate, and separately alleged that Ms. DeSimone sexually harassed a different subordinate.

22. Additionally, the Report of Investigation failed to address the concerns advanced by Ms. DeSimone in her Rebuttal and was therefore irredeemably procedurally and substantively flawed.

23. The DoDIG's inaccuracies in the Report of Investigation violated 5 U.S.C. § 552a(e)(5).

24. The DoDIG's Report of Investigation was also "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", in violation of 5 U.S.C. § 706(2)(A).

*Plaintiff's First Claim*

**Claim Under the Privacy Act – 5 U.S.C. § 552a(g)(1)(D)**

25. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

26. The Privacy Act requires agencies to "maintain all records which are used by the agency in making any determination about any individual with such accuracy…as is reasonably necessary to assure fairness to the individual in the determination". 5 U.S.C. § 552a(e)(5).

4

27. The Privacy Act defines "maintain" to encompass various record keeping functions to which the Act applies, such as maintaining, collecting, using, and disseminating. 5 U.S.C. § 552a(a)(3).

28. Agencies are further required to "make reasonable efforts to assure that such records are accurate" before the agency disseminates a record "about an individual to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section". 5 U.S.C. § 552a(e)(5).[1]

29. The Privacy Act allows for civil remedies whenever any agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual". 5 U.S.C. § 552a(g)(1)(D).

30. "[E]xhaustion of administrative remedies is not required where an individual seeks damages" under 5 U.S.C. § 552a(g)(1)(C). *See Hubbard v. U.S. E.P.A. Adm'r,* 809 F.2d 1, 5 (D.C. Cir. 1986) (citing *Nagel v. U.S. Department of Health, Education, and Welfare,* 725 F.2d 1438 (D.C. Cir. 1984).

31. Records maintained by the Department of Defense fall within the ambit of the Privacy Act. *See, e.g., In re Sealed Case*, 551 F.3d 1047, 1048 (D.C. Cir. 2009).

32. On August 7, 2023, Ms. DeSimone received a copy of an Administrative Inquiry and Preliminary Report compiled by the DoDIG regarding the allegations of misconduct by Ms. DeSimone at her workplace, the MDA.

---

[1] Subsection (b)(2) concerns dissemination under 5 U.S.C. § 552, also known as the Freedom of Information Act. Subsection (b)(2) has no relevance to this action and cannot form a basis by which the DoDIG can mitigate or excuse any of the DoDIG's actions.

33. The Administrative Inquiry and Preliminary Report alleged that Ms. DeSimone engaged in an inappropriate relationship with a subordinate, and separately alleged that Ms. DeSimone sexually harassed a different subordinate.

34. Through counsel, Ms. DeSimone denied the allegations contained in the Administrative Inquiry and Preliminary Report, and submitted a rebuttal on September 21, 2023. *See* Exhibit 1.

35. Ms. DeSimone identified numerous irregularities, inaccuracies, and violations of regulation in the Administrative Inquiry and Preliminary Report. *See* Exhibit 1.

36. Ms. DeSimone identified evidence which corroborated her account of events, including primary witness testimony and documentation.

37. These witnesses included Vice Admiral Jon Hill, United States Navy, Retired (Director, Missile Defense Agency, June 2019 to July 2023, and Ms. DeSimone's supervisor from June 2019 to July 2023); Ms. Michelle Atkinson, SES (Director of Operations, MDA, May 2018 to present; Senior Management Official over MDA Human Resources Directorate); Ms. Sandy Rawdon, (Deputy, Human Resources, MDA, 2018-May 2021, and the HR lead for actions under review by this investigation), Mr. Mark Wright (Acting Deputy Director, Public Affairs ("PA"), MDA, December 2017 to January 2019, and PA Director, MDA, January 2019 to the present, as well as the Hiring Official and Selection Official for actions under review by this investigation).

38. However, this evidence was intentionally left out of the Report of Investigation.

39. Ms. DeSimone also identified unprofessional behavior by investigators during DoDIG interviews, including the extensive use of hypothetical questions, speculation requests, question bias, hostile witness treatment, and pre-drawn conclusions.

40. Finally, Ms. DeSimone also identified the presentation of conclusions about her alleged misconduct unsupported by a preponderance of the evidence.

41. On January 23, 2024, the DoDIG presented Ms. DeSimone with a copy of the final Report of Investigation.

42. The Report of Investigation also alleged that Ms. DeSimone engaged in an inappropriate relationship with a subordinate, and separately alleged that Ms. DeSimone sexually harassed a different subordinate.

43. Additionally, the Report of Investigation failed to address the concerns advanced by Ms. DeSimone in her Rebuttal and was therefore irredeemably procedurally and substantively flawed.

44. The Report of Investigation is a record "making any determination" about Ms. DeSimone within the meaning of the Privacy Act, and accordingly the DoDIG is required to "maintain" this record "with such accuracy…as is reasonably necessary to assure fairness to the individual in the determination". *See* 5 U.S.C. § 552a(e)(5).

45. The Report of Investigation has had, and will continue to have, "an adverse effect on" Ms. DeSimone, owing to its flagrantly incorrect characterization of her workplace behavior, jeopardizing her professional, personal, emotional, and financial well-being. *See* 5 U.S.C. § 552a(g)(1)(D).

46. All in violation of 5 U.S.C. § 552a(g)(1)(D).

### *Plaintiff's Second Claim*

### Violation of 5 U.S.C. § 706(2)(A)

47. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

48. Federal courts have the obligation to "hold unlawful and set aside agency action, findings, and conclusions found to be…arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706 (2)(A).

49. Like all federal agencies, the DoDIG is required to follow its own rules and regulations. *See Accardi v. Shaughnessy,* 347 U.S. 260, 267 (1954).

50. Here, the DoDIG's January 23, 2024, Report of Investigation regarding Ms. DeSimone's alleged workplace misconduct is an agency "action, finding[]" or "conclusion[]". *See* 5 U.S.C. § 706 (2)(A).

51. Yet, the DoDIG violated its own regulations multiple times when compiling the Report of Investigation. *See Accardi,* 347 U.S. at 267.

52. Ms. DeSimone identified evidence which corroborated her account of events, including primary witness testimony and documentation.

53. However, this evidence was intentionally left out of the Report of Investigation.

54. These witnesses included Vice Admiral Jon Hill, United States Navy, Retired (Director, Missile Defense Agency, June 2019 to July 2023, and Ms. DeSimone's supervisor from June 2019 to July 2023); Ms. Michelle Atkinson, SES (Director of Operations, MDA, May 2018 to present; Senior Management Official over MDA Human Resources Directorate); Ms. Sandy Rawdon, (Deputy, Human Resources, MDA, 2018-May 2021, and the HR lead for actions under review by this investigation), Mr. Mark Wright (Acting Deputy Director, Public Affairs ("PA"), MDA, December 2017 to January 2019, and PA Director, MDA, January 2019 to the present, as well as the Hiring Official and Selection Official for actions under review by this investigation).

55. Ms. DeSimone also identified unprofessional behavior by investigators during DoDIG interviews, including the extensive use of hypothetical questions, speculation requests, question bias, hostile witness treatment, and pre-drawn conclusions.

56. Finally, Ms. DeSimone also identified the presentation of conclusions about her alleged misconduct unsupported by a preponderance of the evidence.

57. All these actions violated the prescribed guidance, procedures, and standards of the DoDIG Administrative Investigations Manual, September 23, 2022, and the Quality Standards for Investigations, Council of the Inspectors General on Integrity and Efficiency, November 15, 2011.

58. The Report of Investigation therefore violated DoDIG regulations. *See Accardi,* 347 U.S. at 267.

59. All in violation of 5 U.S.C. § 706 (2)(A).

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that judgment be entered:

(a) Holding that the DoDIG's Report of Investigation violates 5 U.S.C. § 552a(e)(5);

(b) Holding that the DoDIG's Report of Investigation violates 5 U.S.C. § 706 (2)(A);

(c) Ordering the DoDIG to correct the Report of Investigation so that it is in compliance with all applicable laws and regulations;

(d) Ordering the DoDIG not to disseminate the Report of Investigation until such compliance is made;

(e) Ordering the DoDIG to reimburse Ms. DeSimone reasonable attorney's fees and costs borne by Ms. DeSimone arising out of this action, as provided under 5 U.S.C. §552a(g)(4)(B); and,

    (f)  any other and further relief as the Court may deem, in the circumstances, be just and proper.

Ms. DeSimone reserves the right to amend this complaint as more facts become available, and as circumstances evolve, during this litigation. *See* Federal Rule of Civil Procedure Rule 15(a)(1)(A).

Dated January 25, 2024.	Respectfully submitted,

/s/*David P. Sheldon*
David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street, S.E., Suite 600
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135
*Attorney for Plaintiff*